13932

BARRETT v. THE TEXAS CO.

(176 S. E., 874)

*Messrs. Kirkland & DeLoach,* for appellant,

*Mr. M. M. Johnson,* for respondent,

October 31, 1934.

The opinion of the Court was delivered by MR. C. T. GRAYDON, ACTING ASSOCIATE JUSTICE.

This was an action upon an account brought by W. D. Barrett, surviving partner of the firm of Burns & Barrett, hadware dealers located at the City of Camden, S. C., against The Texas Company for goods alleged to have been sold and delivered to it. The goods consisted of locks, staples, pipes, pipe fittings, and other general hardware supplies.

The case was tried in November, 1933, before Hon. Philip H. Stoll, Circuit Judge, and a jury, and resulted in a verdict in favor of the plaintiff for the amount sued for, to wit, the sum of $134.79. The defendant admitted that it owed $14.85, the amount of purchases made by one Dowdle, district manager for the defendant.

A motion was made for a directed verdict and also a motion for a new trial, both of which were refused.

The facts and circumstances surrounding this case show that The Texas Company has certain tanks, storage places, and filling stations in and about the Town of Camden and that the goods purchased were used in connection with and about said equipment.

The Texas Company claims that one J. H. Guthrie, who made the majority of the purchases and admittedly had them charged to The Texas Company, was only a commission agent acting under a specific contract and that, therefore, The Texas Company could not be held responsible.

There are ten exceptions, but the case really revolves around four questions.

1. Were the comments of the Judge before the jury prejudicial?

The Judge remarked during the trial of the case that ▮ if Guthrie purchased certain property and The Texas Company accepted it, used it, then the question of ratification would be a question for the jury. We cannot see where this was an incorrect statement of the rule, for, if Guthrie purchased the goods and placed the same upon the property of The Texas Company to the use and benefit of The Texas Company with its knowledge, certainly this would ratify his act in the matter.

The appellant further contends that the trial Judge ▮ erred in commencing in the presence of the jury with reference to the apparent authority of an agent. We can see no error in this, and under the decisions of our Court in matters of contract the apparent authority of the agent governs, whereas in matters of tort it has to be shown that the act of the agent was within the actual scope of his authority. So, therefore, the question of apparent authority was properly before the jury.

2. Should his Honor have directed a verdict?

▮ There was testimony in the case that The Texas Company owned certain filling stations and property, and that one Dowdle, district manager, came and purchased certain locks and staples to protect the property of the company. He did not instruct the plaintiff not to sell to Guthrie, and as Guthrie was in charge of his principal's property and carried on the business of the principal, the plaintiff could not have known the limited authority contained in the alleged commission agreement. It would be difficult for a lawyer to determine the exact relationship of Guthrie and The Texas Company, and contracts similar to this have been the subject of construction in this and other Courts for a number of years. The plaintiff did not have a copy of the contract,

had no notice of it, and was authorized by reason of the fact that Guthrie was in charge of the property and claimed to be acting in behalf of the principal, giving direct orders to have the goods charged to The Texas Company, was sufficient to carry the question of agency to the jury. The jury, having decided this issue, unless there is an error of law, that decision must stand.

3. What constitutes apparent authority and ratification, and was there any evidence of either in the case?

It is never possible to show absolutely that the principal had knowledge of every act of agent. When a principal places an agent in charge of its property and holds out to the public in general that he is in charge, it is not the duty of the public to inquire in contracting with the agent the limits of his authority, but rather it is the duty of the principal to notify the public of such limitation of authority. The apparent authority here was shown and the company took the property over from Guthrie at the termination of his contract and received the benefit of his physical keeping of the property. We do not see any error in the Judge's charge with reference to these matters.

4. Was the charge of his Honor as to apparent authority a charge upon the facts?

The appellant strongly contends that there was no evidence in the case which would warrant a charge of apparent authority. As before stated, Guthrie was in charge of the property, was placed in charge by Dowdle, the district manager, and no notice was given to the respondent or any one else of any limitation of his authority. This Court has held that where one is in possession of the property of another he is presumed to be acting for the owner of the property even in cases of tort, where the rule of actual scope of authority as to the agent exists. In this case the rule is not as to the actual scope of the authority of the agent but is as to the apparent scope of his authority and the charge was, therefore, correct.

The exceptions are overruled.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.